# Equitable Building & Loan Association *v.* Thomas, Appellant.

*Mortgage—Satisfaction of mortgage—Junior mortgage—Purchase of land by owner of the first mortgage—Division of land.*

Where a mortgage is given upon a tract of land, and subsequently that land is divided and becomes the property of two different owners, and the property of one is sold upon a judgment which is a junior to the lien of the mortgage covering the entire tract, and the owner of the mortgage covering the entire tract purchases the property at sheriff's sale, such purchaser satisfies the mortgage on his own property only, but does not satisfy that on his neighbor's property.

*Building and loan associations—Bidding on loan—Principal and agent—Ratification of agency—Estoppel.*

Where at a meeting of a building and loan association a person bids on

a loan for a member without authority, and the member subsequently directs in writing the association to appropriate a portion of the loan to premiums bid for the loan, the member is estopped thereafter from denying the authority of the agent to make the bid.

Argued Oct. 29, 1906. Appeals, Nos. 149 and 150, Oct. T., 1906, by defendants, from order of C. P. No. 3, Allegheny Co., Aug. T., 1904, Nos. 161 and 361, discharging rule to open judgment in case of The Equitable Building & Loan Association v. David Thomas and Margaret Thomas. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Rule to open judgment.

EVANS, J., filed the following opinion :

This is an application to open a judgment entered upon a bond accompanying the mortgage executed by the defendants to the plaintiff building and loan association, and now assigned by the plaintiff association to the Farmers & Mechanics Building & Loan Association. Subsequent to the execution of the bond and mortgage in question, the defendant sold a part of the property covered by the lien of the mortgage and the purchaser of that property executed a bond and mortgage to the Farmers & Mechanics Building & Loan Association, the use plaintiff in the judgment in dispute. Default was made on the mortgage to the Farmers and Mechanics association, foreclosure had, and the property bought in by the plaintiff. Prior to the sale of the property on the judgment recovered by the Farmers and Mechanics association, it purchased the judgment entered upon the bond accompanying the mortgage given to the Equitable Building & Loan Association by the defendants in this case. The ground upon which defendants ask to have the judgment opened is, first, that in the purchase of a part of the property covered by the judgment at bar on a junior lien the Farmers and Mechanics association is compelled to satisfy the judgment entered upon the bond accompanying the mortgage given by the defendants to the Equitable Building & Loan Association ; and, second, that in the mortgage given to the Equitable Building & Loan Association there was no bidding for the money at the time the money was loaned by the equi-

table association to the defendants, and therefore the $1,200 premium charged is usury. The proposition that the purchase of only a part of the land covered by the mortgage to the Equitable association by the assignee of that mortgage at sheriff's sale had upon a junior incumbrance, satisfied the mortgage to the Equitable Building & Loan Association, is not sustained by the authorities cited by the petitioner. If the identical land which is subject to a mortgage is bought at sheriff's sale on a junior incumbrance, by the mortgagee of the first mortgage, that purchase would satisfy the first mortgage because the purchaser at a sale upon the junior incumbrance takes the land subject to the first mortgage and the payment of the first mortgage is part of the consideration. But the courts of this state have never held, and we are of the opinion that they never will hold, that where a mortgage is given upon a tract of land and subsequently that land is divided and becomes the property of two different owners and the property of one is sold upon a judgment which is a junior to the lien of the mortgage covering the entire tract, if the owner of the mortgage covering the entire tract purchase the property at sheriff's sale, he not only satisfies the mortgage on his own property but satisfies that on his neighbor's property. This is the contention here on the part of the defendant, and it is not sustained either by decisions or principle.

The question as to whether the amount charged as premium by the Equitable Building & Loan Association in its loan to the defendants is usury, depends upon the question whether there was bidding done on behalf of the borrower when the loan was made by the association, and this is a disputed question of fact. George W. Flowers, Esq., a member of the bar, who was at the time attorney for the building and loan association, testifies that he was authorized by the defendants to bid for them at the sale of the money of the association, and that he did so bid, and the premium charged was the premium that he bid. The fact that he did bid and that he bid the amount of the premiums charged is not denied, but it is denied by Thomas and his wife that Flowers was authorized by them, or by others for them, to represent them and bid for the money. Subsequent to the making of the loan and the execution of the mortgage, Mrs. Thomas signed an order directed to the Equi-

table Building & Loan Association giving it directions how to pay out the proceeds of the loan, which the Equitable Building & Loan Association had made to her. This instruction was in writing, signed by Mrs. Thomas, and witnessed by her husband, and directed to the building and loan association to appropriate of that loan the amount of $1,200 to premiums bid for the loan. If as a fact Flowers did bid for Mrs. Thomas without authority, then her subsequent conduct is ratification of his agency, and she may not now set up the fact that Flowers in assuming to represent her in bidding for this loan was not her authorized agent.

Rule to open judgment discharged.

*Wm. E. Schoyer,* of *Schoyer & Hunter,* for appellants.— Where a portion of mortgaged property is sold and the purchase price is unpaid, the sold portion must be first taken to satisfy overlying liens, to the extent of the unpaid purchase money : Turner v. Flenniken, 164 Pa. 469 ; Blank v. Eichelberger, 6 W. N. C. 25 ; Watson v. Neal, 38 S. C. 90 ; Steele v. Andrews, 19 N. J. Eq. 409 ; Hansell v. Lutz, 20 Pa. 284 ; Com. v. Wilson, 34 Pa. 63 ; Dollar Savings Bank v. Burns, 87 Pa. 491 ; Cock v. Bailey, 146 Pa. 328 ; Fuel Co. v. Gas Co., 162 Pa. 78 ; Bryar's App., 111 Pa. 81 ; Zeller v. Henry, 157 Pa. 1 ; Stiles's App., 95 Pa. 122 ; Pownall v. B. & L. Assn., 34 P. L. J. (N. S.) 190 ; Roeser v. German Natl. B. & L. Assn., 36 P. L. J. (N. S.) 49.

When there is no bidding for a loan, premiums charged are usurious, and only the amount loaned with legal interest can be recovered : Gillespie v. Weiss, 8 Pa. Dist. Rep. 170 ; Darlington's App., 86 Pa. 512.

An agreement to pay usury cannot be ratified : Marr v. Marr, 110 Pa. 60.

*C. L. Stevenson* and *J. M. Stoner,* for appellee, were not heard.

PER CURIAM, January 7, 1907 :

Order affirmed on the opinion of the court below.